Filed 2/15/23  In re B.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re B.S., a Person Coming Under the Juvenile Court Law. | B313454 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP02362A) |
| Plaintiff and Respondent, | |
| v. | |
| BRIAN S., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Affirmed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

———————————

Father appeals the juvenile court's order terminating jurisdiction and issuing custody orders under Welfare and Institutions Code section 362.4.[1]  Father contends the court abused its discretion when it granted mother sole legal custody of minor.  Respondent Los Angeles County Department of Children and Family Services (Department) contends the court's order was within its discretion.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

*Initial investigation and petition*

Minor, who was nine years old in March 2020, lived primarily with mother, but spent weekends with father.  Mother and father did not have a family court order, but had a verbal agreement minor would spend weekends with father.  After being referred to therapy based on behavioral problems at school, minor told a therapist that his father was "always drunk, super drunk" on weekends while minor was alone with him.  Father had once urinated in the bed, and on another occasion, minor was only able to rouse father after screaming in

_____

[1] All further statutory references are to the Welfare and Institutions Code.

[2] Portions of the factual and procedural background are based on the appellate record in a prior appeal (B310182).

2

his ear and throwing water on his face. Mother denied knowing that father had a drinking problem, although she had seen him drinking at least three cans of beer in one sitting when they were still in a relationship. Her interactions with father were limited, and minor had not disclosed any concerns to her. Speaking with the social worker by phone, father made incoherent statements that led the social worker to believe father was inebriated. Father reported consuming about six cans of beer every day or every other day. He spoke with the social worker at 3:00 p.m., and had already consumed three cans of beer that day. Based on father's current alcohol use, the social worker was concerned for minor's safety. After hearing the social worker's safety concerns, father agreed to allow mother to pick minor up. Mother agreed to pick minor up and to not allow father to have unmonitored contact with minor. After the initial contact, father did not communicate with the Department, even though the social worker left several messages requesting a call back.

On May 1, 2020, the court ordered minor detained from father's custody, based on a petition alleging that minor was a dependent child under section 300, subdivision (b)(1), due to father's inability to care for minor because of father's daily alcohol abuse.

*October 2020 status review report*

Father enrolled in parenting classes in September 2020. He had not enrolled in individual counseling or a substance abuse program due to his work schedule and procrastination. He was not willing to submit to drug and alcohol testing unless

3

it was ordered by the court. Maternal grandmother monitored father's visits with minor at her home. Maternal grandmother had no concerns with father's visits, and minor enjoyed the visits with father. The social worker had no safety concerns about minor residing in mother's home.

*Adjudication and disposition*

The Department's jurisdiction and disposition report, filed in mid-November 2020, noted that father denied having substance abuse problems, including marijuana, but acknowledged he smokes tobacco cigarettes and still drinks occasionally. Father stated he was willing to cooperate with the Department and participate in programs, but he was not willing to submit to drug and alcohol testing without a court order. Father reported he enrolled in a substance abuse program, but the Department had not received an enrollment letter confirming his participation.

The adjudication hearing in December 2020 was conducted through Webex. Father's counsel expected that father would call in, but after being unable to reach father, counsel asked the court to dismiss the petition because there was no nexus between father's drinking and any harm to minor. If the court was going to sustain the petition, father requested testing on suspicion only, and submitted on the Department's recommendation for parenting and individual counseling. Mother was nonoffending. The court sustained the petition allegation under section 300, subdivision (b)(1) against father, and proceeded to disposition, ordering minor removed from father's physical custody, with monitored visits and family

4

reunification services, including ordering father to participate in a six-month drug and alcohol program with random weekly drug and alcohol testing. Father appealed the jurisdictional findings and dispositional order, but the appeal was dismissed after his appointed counsel filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835.

*May 2021 review report*

In a May 2021 review report submitted in advance of a review hearing under section 364, the Department reported that by January 2021 father had been terminated from his previous services and became more difficult to contact. The social worker was able to speak with father during two unannounced home visits, but on both occasions, father did not allow the social worker to enter the home. Father told the social worker he had lost his job due to the COVID-19 pandemic and was waiting for unemployment money to enroll in services. The social worker provided father with referrals to agencies providing free courses, but father did not make any effort to enroll. The social worker opined that father was not ready to enroll in services in order to reunify with minor. "After multiple efforts, the father has demonstrated to not . . . have a clear understanding as to his involvement with the Department and the impact his alcohol use has been to [minor.] The father has not taken any responsibility with his consumption of alcohol and has refused to test for alcohol and drugs." The social worker did not begin referring father for drug testing until March 2021, because before that time, father was in Northern California. Father missed six consecutive drug tests in March

and April 2021.  The Department noted that father did not appear to be focused on completing his court-ordered serves or in addressing his alcohol use.  Father was consistent in his weekly monitored visits with minor and never appeared under the influence of alcohol or other substances during visits.

Minor, who was previously diagnosed with mild-to-moderate autism, has an individualized education plan dated December 2020.  Minor has struggled in school, and he acted angry and defiant at times.  Mother was patient, receptive, and effective in meeting minor's needs and ensuring he received necessary academic, developmental, and emotional support.  Mother was also fully compliant with family maintenance services and consistent in her communications with the Department.

The Department recommended that the court terminate jurisdiction with an order granting mother sole custody of minor and monitored visits for father.

*Termination of jurisdiction and custody order*

At the section 364 review hearing in June 2021, the court noted the Department's recommendation to close the case with sole physical and legal custody to mother.  Father requested joint legal custody, pointing out his consistent visits and contending that he was available and entitled to be a part of any decisionmaking about minor's educational and developmental needs.  Father also noted he had not impeded mother's ability to obtain necessary services for minor.  The court responded that it was not inclined to grant father's request because father's participation in programs was close to

nonexistent, and he was not testing.  Counsel for the Department and for minor agreed with the court that sole legal and physical custody to mother was the appropriate order for minor.  The court then outlined an intended order to terminate jurisdiction, award sole legal and physical custody of minor to mother, and to provide monitored visitation under specified conditions to father.  In explaining the basis for the contemplated order to the parties, the court drew a contrast between mother and father, highlighting mother's "great progress in programs and her demonstrated capacity for protection" of minor with father's failure to complete not only programs to address his substance abuse, but his failure to complete an ordered "parenting class" and "individual counseling to address case issues."  The court concluded by complimenting mother on demonstrating that she had proven she could manage the issues families face in life, and wishing father success in completing programs that would lead to the possibility of a changed custody arrangement.

The court's order terminating jurisdiction was stayed until mother's counsel submitted a custody order giving mother sole legal and physical custody, with father's visits monitored by maternal grandmother, a mutually agreed monitor, or a professional monitor paid by father.  The custody order was filed, and jurisdiction was terminated on June 15, 2021.  Father filed a timely appeal.

## DISCUSSION

"Once a child has been adjudged a dependent of the juvenile court pursuant to . . . section 300, . . . 'any issues

7

regarding custodial rights between his or her parents shall be determined solely by the juvenile court . . . so long as the child remains a dependent of the juvenile court.' " (*In re Anna T.* (2020) 55 Cal.App.5th 870, 876; § 302, subd. (c).) Section 364, subdivision (a) requires the court to conduct a review hearing every six months for a dependent child who has been placed in the physical custody of a parent. (See *In re T.S.* (2020) 52 Cal.App.5th 503, 512.) At a hearing held pursuant to section 364, the court must terminate jurisdiction over the dependent child unless the conditions that initially justified jurisdiction still exist or are likely to exist if supervision is withdrawn. (§ 364, subd. (c).)

In making a custody or visitation order pursuant to section 362.4,[3] commonly referred to as an " 'exit order,' " the juvenile court's " 'focus and primary consideration must always be the best interests of the child.' " (*In re T.S., supra,* 52 Cal.App.5th at p. 513.) "When the juvenile court makes custody or visitation orders as it terminates dependency jurisdiction, it does so as a court with 'a special responsibility to the child as *parens patriae* and [it] must look to the totality of a child's circumstances when making decisions regarding the child.' [Citation.] This remains true in the juvenile court's final

_____

[3] When terminating jurisdiction over a dependent child, section 362.4, subdivision (a) authorizes the juvenile court to issue "an order determining the custody of, or visitation with, the child." Section 362.4, subdivision (b) specifies that the order "shall continue until modified or terminated by a subsequent order of the superior court," and directs that the order be filed in a pending family court proceeding (*ibid.*) or if there is none, as part of a new family court file (*id.*, subd. (c)).

orders issued before the court terminates jurisdiction." (*In re J.T.* (2014) 228 Cal.App.4th 953, 963.) " 'The presumption of parental fitness that underlies custody law in the family court . . . does not apply to dependency cases. Rather the juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child *without any preferences or presumptions.'* " (*In re C.M.* (2019) 38 Cal.App.5th 101, 110; see *In re Chantal S.* (1996) 13 Cal.4th 196, 201.)

We review the custody orders for abuse of discretion. (*In re C.W.* (2019) 33 Cal.App.5th 835, 863.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

Father contends there was no substantial evidence to support the court's order granting mother sole legal custody of minor. Father argues that by focusing solely on his poor compliance with services, the court improperly failed to consider minor's best interests. Father focuses instead on his consistent and positive visitation with minor and that the two had a warm, loving relationship, to argue that it was in minor's best interests for father to have joint legal custody.

The evidence does not support father's argument that the juvenile court failed to consider minor's best interests when it awarded mother sole custody of minor. (See *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 [absent evidence the trial court misunderstood scope of discretion, reviewing court presumes

trial court is aware of governing law].)  The court's comments from the bench emphasized the importance of ways in which mother had demonstrated—through program participation—her capacity to protect minor and her ability to address the case issues that led to the initial assertion of jurisdiction.  The court drew a contrast with father, who had not done so, noting among other failures the father's lack of completion of parenting classes and individual therapy.  While not using the words *best interests*, the court's explanations conveyed the minor's best interests were a focus of its consideration.  Further, there is ample evidence to support the conclusion that the court's order served minor's best interests.  Father not only failed to participate in court ordered programs, but he also avoided communicating with the social worker for significant periods in 2020, and was again difficult to contact over the course of several months in 2021.  Even when the social worker was able to talk to father during two unannounced home visits, father would not allow the social worker to enter the home.  Moreover, mother was consistently engaged, participating in minor's individualized education plan, keeping up with his medical appointments, and working with the social worker and participating in services to ensure minor's needs were met.  In contrast to the evidence of mother's responsiveness and the actions she took to support minor, there is no evidence in the record that father took any proactive steps to access support for minor, or to even communicate with mother or the social worker about minor's needs.  Finding no abuse of discretion, we affirm the court's order granting mother sole legal and physical custody of minor.

## DISPOSITION

The juvenile court's custody orders are affirmed.
NOT TO BE PUBLISHED.


                              MOOR, J.


We concur:



        RUBIN, P. J.



        BAKER, J.